liWALTZER, Judge.

STATEMENT OF THE CASE

Wayne J. Maas sued Benson Dodge, Inc., its employee, Jerome Christy, and MIC Property and Casualty Insurance Company seeking damages for injuries allegedly sustained when he was struck by a vehicle allegedly owned by Benson Dodge and operated by Christy. Benson Dodge and MIC seek review of the trial court’s judgment denying their motion for summary judgment or, in the alternative, motion for declaratory judgment.

STATEMENT OF FACTS

Christy, a salesman employed by Benson Dodge, went to a local tavern after work on 22 May 1994. While there, Maas alleges that Christy made advances to a barmaid, whereupon three patrons went to the barmaid’s assistance. Maas and Christy left the tavern and “exchanged words” concerning Christy’s behavior. Upon reentering the bar, Christy continued to harass the barmaid. Maas and Christy again exchanged words. Christy attempted to hit Maas, other patrons separated the two men and escorted them outside. Christy walked away from the group and entered his vehicle. A group of patrons, including Maas, were standing outside the tavern. As Christy approached the area where the patrons were standing, he accelerated his vehicle and struck Maas and four other patrons. Christy ran through a fence and struck a building |2next door. He then attempted to escape on foot and was apprehended by the owner of the bar.
According to Maas’s petition, the vehicle driven by Christy was owned by Benson Dodge. Plaintiff also asserted that Christy was in the course and scope of his employment with Benson Dodge at the time of the incident. Benson Dodge and MIC Casualty, filed a motion for summary judgment or, in the alternative, motion for declaratory judgment. Defendants argued that (1) Benson Dodge did not own the vehicle, (2) Christy was not in the course and scope of his employment at the time of the incident, (3) neither Christy nor the auto was covered under the policy issued by MIC, (4) the policy precluded coverage for Christy’s inten *742 tional act, (5) representations by a dealership employee were not sufficient to convey coverage, and (6) if there was coverage under the policy, coverage was limited to the compulsory financial responsibility law limits.
After a hearing, the trial court rendered judgment denying the motion for summary judgment.

ANALYSIS

Benson Dodge and MIC contend that the vehicle was owned by Christy, the policy issued by MIC to Benson did not insure Christy and/or the vehicle, Christy’s actions were intentional and Christy was not in the course and scope of his employment with Benson Dodge at the time of the incident. Plaintiffs argue that the vehicle was owned by Benson Dodge, Christy had permissive use of the vehicle, Christy was in the course and scope of his employment and a representative of Benson Dodge told Christy he was insured under the policy issued by MIC. _JjIn support of their motion for summary judgment, defendants relied upon the police report of the incident; an affidavit executed by Rhonda Pittman, treasurer for Benson Dodge; documentation concerning the sale of the vehicle to Christy and the policy of insurance issued by MIC to Benson Dodge. In the police report, the bar owner who apprehended Christy immediately after the incident told thé officers he heard Christy state “I killed those bastards.” Defendants argue such a statement reflects that Christy intended to harm the plaintiff.
Ms. Pittman stated in her affidavit that the completed act of sale and transfer of the vehicle in question took place on 19 May 1994. She also stated that (1) at the time of the incident, Benson Dodge no longer owned the vehicle; (2) at the time of the incident, Christy was a salesperson but did not have a regular demonstrator vehicle assigned to him; (3) Christy’s employment as a salesperson did not include removal of automobiles from the dealership lot for use as a demonstrator; (4) at thé time of the incident, Christy was not in the course and scope of his employment with Benson Dodge; and (5) the incident occurred outside Christy’s normal work hours. Attached to the affidavit were documents evidencing the sale of the vehicle by Benson Dodge to Christy. A vehicle application form from the Louisiana Department of Public Safety and Corrections was signed by Christy and dated 19 May 1994. A bill of sale from Benson Dodge reflects the sale of the vehicle to Christy on 19 May 1994 for a total purchase price of $3,245.41. The bill of sale also reflects a down payment of $1,000.00. A cash receipt, #037446, from Benson Dodge, indicates receipt of $1,000.00 down payment on 19 May 1994. A completed odometer disclosure statement, also dated 19 May 1994, was signed by Christy Land a representative of Benson Dodge. Certificates of registration and title for the vehicle were dated 6 June 1994. These certificates indicate the vehicle was sold to Christy on 19 May 1994.
Under Section 1 of the policy issued by MIC, “any auto” is a covered auto. Section 2, Liability Coverage, Part A, sets forth the coverage limitations of the policy:
A. Coverage
“Garage Operations” — Other than Covered “Autos”
We will pay all sums an “insured” legally must pay as damages because of “bodily injury” or “property damage” to which this insurance applies, caused by an “accident” and resulting from “garage operations” other than ownership, maintenance, or use of covered “autos.”
The policy further defines “insureds” as “[ajnyone else while using with your permission a covered ‘auto’ you own, hire or borrow except ... [y]our employee if the covered ‘auto’ is owned by that employee or a member of his or her household.” Insureds for “ ‘garage operations’ other than covered ‘autos’ ” include “[y]our partners, employees, directors or shareholders but only while acting within the scope of their duties.” An insured is also defined as “[ajnyone else while using with your permission a covered ‘auto’ you own, hire or borrow except ... [yjour customers, if your business is shown in the declarations as an ‘auto’ dealership. However, if a customer of yours ... has no other available insurance (whether primary, excess, or contingent), they are an ‘insured’ but only up to the compulsory or financial responsibil *743 ity law limits where the covered ‘auto’ is principally garaged.” The policy excludes coverage |sfor “‘bodily injury5 or ‘property damage’ expected or intended from the standpoint of the ‘insured’.”
Christy’s affidavit states that he did not sign a completed odometer disclosure statement. The statement he signed was incomplete. He also denied executing a transfer of title of the vehicle. He stated he did not sign a completed vehicle application form. If he signed the form, it was incomplete and not dated. Christy further stated he spoke with David Osing, general manager for Benson Dodge, on 13 May 1994, about purchasing the vehicle. Osing gave Christy permission to use the vehicle and told Christy to carry his MIC insurance card with him. On 19 May 1994, Christy gave Benson Dodge a down payment of $1,000.00 on the vehicle. Osing told Christy a bill of sale would not be completed until the entire purchase price was paid. Christy told Osing he would need four to six weeks to complete paying for the vehicle. Osing indicated Christy would be insured under the MIC policy until such time the vehicle was transferred to him. Title to the vehicle would not be transferred until the purchase price was paid in full. Christy also stated in the affidavit that the accident was not intentional.
Under the newly amended La. C.C.P. article 966, a motion for summary judgment should be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. article 966(B). This statute was amended by Acts 1997, No. 483 to further provide:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is [gentitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The purpose of this amendment was to “clarify Acts 1996, No.9, Sec. 1 of the First Extraordinary Session of 1996 and to legislatively overrule all eases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691 [unit denied, 97-0281 (La.3/14/97), 690 So.2d 41].” Acts 1997, No.483, Section 4.
The Third Circuit noted in Hayes that under the amended statute, motions for summary judgments are favored. The court stated that the initial burden of proof remains with the movant to show that there are no genuine issues of material fact. However, “once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain.” Hayes, at 694.
Clearly, the affidavits submitted by the parties show the existence of genuine issues of material fact concerning the ownership of the vehicle, Christy’s alleged permissive use of the vehicle, and Christy’s intent in causing injury to the plaintiff. In light of the numerous factual issues which affect coverage under the policy issued by MIC to Benson Dodge, the trial court ^correctly denied the motion for summary judgment or, in the alternative, motion for a declaratory judgment.

CONCLUSION

Because of the genuine issues of material fact raised in Christy’s affidavit, the judgment of the trial court denying relators’ motion for summary judgment is affirmed.

WRIT GRANTED. JUDGMENT AFFIRMED.